Mike F. Pipkin
Texas Bar No. 16027020
WEINSTEIN RADCLIFF PIPKIN LLP
8350 N. Central Expressway, Suite 1550
Dallas, Texas 75206
Telephone:      214.865.7012
Facsimile:      214.865.6140

ATTORNEYS FOR DEFENDANTS
CARDINAL HEALTH 110, LLC and
CARDINAL HEALTH 200, LLC

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **In re:** | § | |
| | § | |
| **WALNUT HILL PHYSICIANS'** | § | **CHAPTER 7** |
| **HOSPITAL, LLC,** | § | |
| | § | **Case No. 17-32255-bjh7** |
| Debtor. | § | |
| | § | |
| **SCOTT M. SEIDEL, TRUSTEE,** | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| **vs.** | § | **Adversary Proceeding No. 18-03075-bjh** |
| | § | |
| **CARDINAL HEALTH 110, LLC,** | § | |
| **CARDINAL HEALTH 200, LLC, and** | § | |
| **CORDIS CORPORATION,** | § | |
| | § | |
| Defendants. | § | |

## DEFENDANTS' ANSWER TO
## ORIGINAL COMPLAINT

Defendants Cardinal Health 110, LLC, Cardinal Health 200, LLC, and Cordis Corporation

(collectively, "**Defendants**"), by way of answer to the Original Complaint filed by Scott M. Seidel,

Chapter 7 Trustee (the "**Complaint**"), hereby state and aver as follows:

## I.    <u>JURISDICTION</u>

1.    Paragraph 1 of the Complaint sets forth a conclusion of law to which no response is required.

2.    Defendants admit the allegations set forth in Paragraph 2 of the Complaint. Defendants also consent to entry of final orders or judgment resolving this Adversary Proceeding by this Court.

3.    Paragraph 3 of the Complaint sets forth a conclusion of law to which no response is required.

## II.    <u>PARTIES</u>

4.    Defendants admit the allegations set forth in Paragraph 4 of the Complaint.

5.    Defendants admit the allegations set forth in Paragraph 5 of the Complaint.

6.    Defendants admit the allegations set forth in Paragraph 6 of the Complaint.

7.    Defendants admit the allegations set forth in Paragraph 7 of the Complaint.

8.    Defendants admit the allegations set forth in Paragraph 8 of the Complaint.

## III.    <u>FACTUAL BACKGROUND</u>

9.    Defendants are without information and knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 9 of the Complaint, and therefore neither plead nor respond thereto.

10.    Defendants admit the allegations set forth in Paragraph 10 of the Complaint.

### A.    *The Preference Payments*

11.    Defendants admit that Debtor made the transfers identified in Paragraph 11 but deny the remainder of the allegations set forth in Paragraph 11 of the Complaint.

---

**B.** *The Account Credits*

12. Defendants admit the allegations set forth in Paragraph 12 of the Complaint.

13. Defendants admit the allegations set forth in Paragraph 13 of the Complaint.

14. Paragraph 14 of the Complaint sets forth a conclusion of law to which no response is required.

15. Defendants admit the allegations set forth in Paragraph 15 of the Complaint.

16. Defendants admit the allegations set forth in Paragraph 16 of the Complaint.

17. Paragraph 17 of the Complaint sets forth a conclusion of law to which no response is required.

**C.** *Defendants' Post-Petition Conduct*

18. Defendants admit that, in response to Debtor's express request, one or more of Defendants' representatives entered Debtor's hospital after the Petition Date and removed certain goods as alleged in Paragraph 18 of the Complaint.

19. Paragraph 19 of the Complaint sets forth a conclusion of law to which no response is required.

20. Defendants admit the allegations set forth in Paragraph 20 of the Complaint; Debtor, not the Trustee or the Court, gave Defendants authority to remove the Removed Goods.

21. Defendants deny the allegations set forth in Paragraph 21 of the Complaint.

## IV. CAUSES OF ACTION

**A.** *Count 1: Avoidance of Preferential Payments to CH 110 [11 U.S.C. § 547]*

22. Defendants repeat and reassert each and every answer to each and every preceding paragraph as if set forth at length herein.

23. Defendants deny the allegations set forth in Paragraph 23 of the Complaint.

24. The allegations set forth in Paragraph 24 of the Complaint do not require a response, and therefore Defendants neither plead nor respond thereto.

**B.** ***Count 2: Recovery of Preferential Payments or Value of Such Payments from CH 110 [11 U.S.C. § 550]***

25. Defendants repeat and reassert each and every answer to each and every preceding paragraph as if set forth at length herein.

26. Defendants admit the allegations set forth in Paragraph 26 of the Complaint.

27. Defendants deny the allegations set forth in Paragraph 27 of the Complaint.

28. The allegations set forth in Paragraph 28 of the Complaint do not require a response, and therefore Defendants neither plead nor respond thereto.

**C.** ***County 3: Avoidance of Preferential Payments to CH 200 [11 U.S.C. § 547]***

29. Defendants repeat and reassert each and every answer to each and every preceding paragraph as if set forth at length herein.

30. Defendants deny the allegations set forth in Paragraph 30 of the Complaint.

31. The allegations set forth in Paragraph 31 of the Complaint do not require a response, and therefore Defendants neither plead nor respond thereto.

**D.** ***Count 4: Recovery of Preferential Payments or Value of Such Payments from CH 200 [11 U.S.C. § 550]***

32. Defendants repeat and reassert each and every answer to each and every preceding paragraph as if set forth at length herein.

33. Defendants admit the allegations set forth in Paragraph 33 of the Complaint.

34. Defendants deny the allegations set forth in Paragraph 34 of the Complaint.

35. The allegations set forth in Paragraph 35 of the Complaint do not require a response, and therefore Defendants neither plead nor respond thereto.

**E.**     ***Count 5: Turnover of Estate Property held by CH 110 [11 U.S.C. § 542]***

36.     Defendants repeat and reassert each and every answer to each and every preceding paragraph as if set forth at length herein.

37.     Paragraph 37 of the Complaint does not require a response, except that Defendants do not dispute that 11 U.S.C. § 542(b) is accurately quoted therein.

38.     Paragraph 38 of the Complaint sets forth a conclusion of law to which no response is required.

39.     The allegations set forth in Paragraph 39 of the Complaint do not require a response, and therefore Defendants neither plead nor respond thereto.

**F.**     ***Count 6: Turnover of Estate Property held by CH 200 [11 U.S.C. § 542]***

40.     Defendants repeat and reassert each and every answer to each and every preceding paragraph as if set forth at length herein.

41.     Paragraph 41 of the Complaint does not require a response, except that Defendants do not dispute that 11 U.S.C. § 542(b) is accurately quoted therein.

42.     Paragraph 42 of the Complaint sets forth a conclusion of law to which no response is required.

43.     The allegations set forth in Paragraph 43 of the Complaint do not require a response, and therefore Defendants neither plead nor respond thereto.

**G.**     ***Count 7: Violation of Automatic Stay [11 U.S.C. § 362]***

44.     Defendants repeat and reassert each and every answer to each and every preceding paragraph as if set forth at length herein.

45.     Paragraph 45 of the Complaint does not require a response, except that Defendants do not dispute that 11 U.S.C. § 362(a) is accurately quoted therein.

---

46.     Paragraph 46 of the Complaint does not require a response, except that Defendants do not dispute that this paragraph is an accurate statement of 11 U.S.C. § 362(h).

47.     Paragraph 47 of the Complaint sets forth a conclusion of law to which no response is required.

48.     The allegations set forth in Paragraph 48 of the Complaint do not require a response, and therefore Defendants neither plead nor respond thereto.

**H.      *Count 8: Avoidance of Post-Petition Transfer [11 U.S.C. § 549]***

49.     Defendants repeat and reassert each and every answer to each and every preceding paragraph as if set forth at length herein.

50.     Paragraph 50 of the Complaint does not require a response, except that Defendants do not dispute that this paragraph is an accurate statement of 11 U.S.C. § 549(a).

51.     Paragraph 51 of the Complaint sets forth a conclusion of law to which no response is required.

52.     The allegations set forth in Paragraph 52 of the Complaint do not require a response, and therefore Defendants neither plead nor respond thereto.

**I.      *Count 9: Recovery of Post-Petition Transfer [11 U.S.C. § 550]***

53.     Defendants repeat and reassert each and every answer to each and every preceding paragraph as if set forth at length herein.

54.     Defendants admit the allegations set forth in Paragraph 54 of the Complaint.

55.     Defendants deny the allegations set forth in Paragraph 55 of the Complaint.

56.     The allegations set forth in Paragraph 56 of the Complaint do not require a response, and therefore Defendants neither plead nor respond thereto.

**J.**     *Count 10: Objection to Claim of CH 110 [11 U.S.C. § 502]*

57.     Defendants repeat and reassert each and every answer to each and every preceding paragraph as if set forth at length herein.

58.     Defendants admit the allegations set forth in Paragraph 58 of the Complaint.

59.     Paragraph 59 of the Complaint sets forth a conclusion of law to which no response is required.

**K.**     *Count 11: Objection to Claim of CH 200 [11 U.S.C. § 502]*

60.     Defendants repeat and reassert each and every answer to each and every preceding paragraph as if set forth at length herein.

61.     Defendants admit the allegations set forth in Paragraph 61 of the Complaint.

62.     Paragraph 62 of the Complaint sets forth a conclusion of law to which no response is required.

## V.     <u>AFFIRMATIVE DEFENSES</u>

63.     The Complaint fails to state a claim upon which relief can be granted.

64.     The Complaint fails to properly allocate responsibility and/or liability among the named Defendants and/or fails to plead separate causes of action against the named Defendants.

65.     The transfers at issue may not be avoided or recovered because they were made in the ordinary course of business of Debtor and the transferee pursuant to 11 U.S.C. 547(c)(2).

66.     The transfers at issue may not be avoided or recovered because Debtor received new value subsequent to the transfers pursuant to 11 U.S.C. 547(c)(4).

67.     Defendants have a valid right of setoff based upon the existence of mutual pre-petition debts and claims between Defendants and Debtor arising out of contractual agreements with Debtor and pursuant to common law.

68.     Any violation of the automatic stay by Defendants was unknowing and not willful.

## VI.    CONCLUSION

Defendants respectfully request that the Court enter judgment in favor of Defendants on each of the claims and causes asserted herein, and dismiss each of the claims and causes asserted herein with prejudice.

DATED:        June 13, 2018.

Respectfully submitted,

*/s/ Mike F. Pipkin*
MIKE F. PIPKIN
Texas State Bar No. 16027020

**WEINSTEIN RADCLIFF PIPKIN LLP**
8350 N. Central Expressway, Suite 1550
Dallas, Texas 75206
Telephone:    214.865.7012
Facsimile:    214.865.6140
Email:        mpipkin@weinrad.com

—and—

**CHIESA SHAHINIAN & GIANTOMASI PC**
One Boland Drive
West Orange, NJ 07052
Telephone:    973.325.1500
Facsimile:    973.325.1501

**ATTORNEYS FOR DEFENDANTS**
**CARDINAL HEALTH 110, LLC,**
**CARDINAL HEALTH 200, LLC, AND**
**CORDIS CORPORATION**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 13, 2018, a true and correct copy of the foregoing was filed electronically via the Court's CM/ECF system. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic receipt. Parties may access this filing through the Court's electronic filing system. Additionally, a true and correct copy of the foregoing document was sent via email to counsel for Scott M. Seidel, Chapter 7 Trustee at Munsch Hardt Kopf & Harr, P.C., Attn.: Fareed Kaisani and Davor Rukavina, 500 N. Akard Street, Suite 3800, Dallas, Texas 75201.

*/s/ Mike F. Pipkin*
Mike F. Pipkin